# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JEFFREY MCLENDON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN VANCE LAUGHLIN, )<br>)<br>Respondent. ) | Case No. CV415-152 |

# ORDER

A Mitchell County, Georgia jury convicted petitioner Jeffrey McLendon in October 2000 "of aggravated assault, kidnapping, and possession of a firearm during the commission of a crime." *McLendon v. State*, 258 Ga. App. 133, 133 (2002). Following affirmance of his conviction, he says he filed for state post-conviction relief in 2014, doc. 1 at 3, but does not say when in 2014 or when the state court denied relief. He now petitions this Court for 28 U.S.C. § 2254 relief (doc. 1) and moves for leave to proceed *in forma pauperis* (IFP). Doc. 2.

McLendon evidently filed his § 2254 petition in this judicial district because he is incarcerated here. *See* Georgia Department of Corrections Inmate Locator, http://www.dcor.state.ga.us/GDC/OffenderQuery/

(currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, which is within the Dublin Division of the Southern District). Mitchell County, however, lies within the Middle District of Georgia, 28 U.S.C. § 90(b)(1), and federal law allows his petition to be filed in the district within which he was convicted or in the district within which he is confined. 28 U.S.C. § 2241(d); *Wright v. Indiana*, 263 F. App'x 794, 795 (11th Cir. 2008). Hence, this Court and the Middle District concurrently have jurisdiction to hear his case.

It is longstanding judicial policy and practice to funnel such petitions into the district within which the state prisoner was convicted, since that will be the most convenient forum. *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *see Wright*, 263 F. App'x at 795. That also fosters an equitable distribution of habeas cases between the districts. The Court therefore concludes that this case should be transferred to the Middle District. Hence, it **DIRECTS** the Clerk to transfer this case to the Middle District of Georgia for all further proceedings. *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice); *Rufus v. Kemp*, 2013 WL 2659983 at * 1 (S.D. Ga. June 12, 2013).

**SO ORDERED,** this 15th day of October, 2015.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA